## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN JAMES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-00230-JD |
| | ) |
| U.S. ATTORNEY GENERAL, | ) |
| | ) |
| Respondent. | ) |

## **ORDER**

Petitioner Calvin James brought this habeas corpus action under 28 U.S.C. § 2241 [Doc. No. 1] and moved to proceed in forma pauperis [Doc. No. 2].

United States Magistrate Judge Amanda Maxfield Green entered an order notifying James that his habeas petition and motion were deficient and ordering him to cure the deficiencies by March 19, 2025. [Doc. No. 8]. The Court warned James that failure to comply with the Court's order may result in dismissal of the action. *See id.* at 2.

On March 28, 2025, Judge Green issued a Report and Recommendation recommending James's petition be dismissed without prejudice. [Doc. No. 10]. The Report and Recommendation recommended dismissal based on James's failure to comply with the Court's order to cure deficiencies with his habeas petition and in forma pauperis motion. *See id.* Judge Green gave James until April 18, 2025, to object to the Report and Recommendation, and explained that his failure to make a timely objection waives the right to appellate review of both factual and legal questions contained in the Report and Recommendation. *Id.* at 4.

James did not file a timely objection to the Report and Recommendation. Nor did he ever seek to comply with the Court's order to cure any of the deficiencies or provide any explanation for his failure to do so. Thus, his right to review of the Report and Recommendation is waived. Regardless, the Court agrees with the Report and Recommendation that dismissal of his habeas petition without prejudice to refiling is appropriate under the circumstances.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the federal] rules or a court order, a defendant may move to dismiss the action or any claim against it." "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Courts may dismiss an action sua sponte for lack of prosecution because they have the "inherent power" to do so, "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. A district court may rely on Rule 41(b), its inherent powers, or both to dismiss an action for failure to prosecute or failure to comply with the Court's order. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 858 (10th Cir. 2018). If dismissal is without prejudice to refiling, the Court may dismiss "without attention to any particular procedures." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

Here, despite receiving a warning that this action would be dismissed if he did not cure the deficiencies with his habeas petition and in forma pauperis motion, James did neither. James has failed to prosecute this action and failed to comply with the Court's order of February 26, 2025 [Doc. No. 8]. He also failed to object to the Report and Recommendation.

Consequently, the Court ACCEPTS the Report and Recommendation [Doc. No. 10] and DISMISSES this habeas action without prejudice to refiling. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED this 5th day of May 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE